IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VARCO PRUDEN BUILDINGS, a division of BLUESCOPE BUILDINGS NORTH AMERICA, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:20-CV-00438-DGK ) |
| SCOTT STEEL ERECTORS INC, | ) ) |
| Defendant. | ) |

## ORDER ON MOTIONS TO AMEND AND MOTION TO STAY

This case involves a dispute over payment for steel building materials used in the construction of a hockey arena in Northern Canada. The Yukon Government hired Scott Design Build ("SDB") as its general contractor to construct a hockey arena in Carmacks, Yukon. SBD in turn contracted with Defendant Scott Steel Erectors Inc. ("Scott Steel") to erect a pre-engineered metal building as part of the arena project. Scott Steel then made a purchase order with Plaintiff Varco Buildings, a division of BlueScope Buildings North America, Inc. ("BBNA"), for the provision of engineering services and materials necessary to construct the metal building. BBNA filed a three-count lawsuit in this Court to recover the amount that Scott Steel still allegedly owes BBNA for the materials and services it provided to Scott Steel.

Now before the Court are Scott Steel's Second Motion for Leave to Amend its Answer (ECF No. 33), Motion to Stay the Case (ECF No. 34), and Motion to Amend the Scheduling Order (ECF No. 35). For the reasons stated below, the Court GRANTS the Second Motion for Leave to Amend its Answer, DENIES the Motion to Stay the Case, and DENIES AS MOOT the Motion to Amend the Scheduling Order.

Scott Steel shall file its amended answer within two business days of this order. As outlined below, the Court finds that BBNA has not proven that the amendment is futile on the current record, but it should be given the opportunity to test the pleading via a motion to dismiss. Therefore, to the extent BBNA wishes to move to dismiss the counterclaim, the parties shall adhere to the following schedule: (1) BBNA shall file any motion to dismiss on or before December 7, 2021; (2) Scott Steel shall file its opposition on or before December 21, 2021; and (3) BBNA shall file its reply, if any, by January 4, 2022. The Court will issue a revised case schedule via a separate order.

## Procedural Background

On June 4, 2020, BBNA filed this three-count breach of contract lawsuit to recover the amounts Scott Steel allegedly owes BBNA for the building materials it constructed and provided to Scott Steel. ECF No. 1. Scott Steel answered. ECF No. 13. The Court then entered a scheduling order, which set the date to amend pleadings as November 4, 2020. ECF No. 19. On that date, Scott Steel moved for leave to amend its answer to raise a permissive counterclaim against BBNA. ECF No. 20. The Court granted Scott Steel's motion. ECF No. 21.

On December 22, 2020, the Court amended the scheduling order at the parties' request to extend the discovery deadline to December 2, 2021. ECF No. 26. The parties then unsuccessfully tried to resolve the dispute via a mediation in March 2021. The failed mediation led to BBNA moving to dismiss Scott Steel's counterclaim, ECF No. 27, and moving to amend the scheduling order to specify that a party with the burden of proof had to file its expert designations by August 3, 2021, while a party without the burden of proof was required to file its expert designations by October 5, 2021, ECF No. 29. On April 14, 2021, the Court granted BBNA's motion to amend

the scheduling order. ECF No. 30. Later that same day, Scott Steel dismissed its counterclaims rather than respond to the motion to dismiss. ECF No. 31.

While the case was percolating here, the underlying construction project in Canada ran into various snags that resulted in a separate lawsuit. The Yukon Government issued notices of default to SDB in August and November 2020 and officially terminated SBD as general contractor in December 2020. On February 12, 2021, the Yukon Government filed a lawsuit ("Yukon Lawsuit") against SBD and its insurer Echelon Financial Holdings Inc. for damages related to the failed construction project, including approximately $10 million in damages from SDB and $7 million from Echelon. Neither Scott Steel nor BBNA are a party to that lawsuit.[1] On April 13, 2021, SBD filed its answer and counterclaim against the Yukon Government. In that document, SBD alleges broadly that a combination of various design issues and changes, brutally cold weather, and COVID-19 restrictions all contributed to delay the project. ECF No. 39-1. As pertinent here, SBD specifically alleges that Scott Steel is an affiliated company of SBD, that Scott Steel was the subcontractor tasked with constructing the pre-engineered arena building, that BBNA supplied the component parts for the pre-engineered building, that BBNA discovered a flaw in the design provided to it by one of the Yukon Government's design firms, that BBNA worked with the firm to fix the design flaw, and that the design flaw led to a delay in BBNA delivering the materials to the construction site. *Id.* ¶¶ 3-11.

Back here in Missouri, on July 23, 2021, Scott Steel filed the instant motion to amend its answer to add a counterclaim allegedly based on the occurrences in the Yukon Lawsuit. ECF No. 33, 34. Scott Steel's proposed amended answer includes a counterclaim for "equitable

---

[1] Some allegations in Scott Steel's proposed counterclaim suggests—though do not state—that it is a party in the Yukon Lawsuit and could be found directly liable therein. That does not appear to be the case based on the pleadings submitted from that lawsuit. As best the Court can tell, Scott Steel is not a party. So unless it has been added recently, the only liability it could incur appears to be derivative, downstream liability after that case concludes.

indemnification" against BBNA for its alleged delay in delivering the materials to Scott Steel that in turn led to delays in the project. ECF No. 33-1. According to Scott Steel, these alleged delays contributed to the Yukon Government cancelling its contract with SBD and suing it. *Id.* And *if* SBD, Echelon, and/or Scott Steel are held liable in that action, then equity demands that BBNA should indemnify Scott Steel. *See id.* at 14. Contemporaneous with this motion, Scott Steel also moved to stay this action pending the resolution of the Yukon Lawsuit, ECF No. 34, and it also moved to amend the expert designation descriptions in the scheduling order, ECF No. 35. These motions are now ripe for ruling.

**Standard**

Both Scott Steel's motion to amend its answer as well as its motion to amend the scheduling order must satisfy Federal Rule of Civil Procedure 16(b)(4). *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (holding that motion to amend pleadings after the scheduling deadline to amend has passed must satisfy Rule 16(b)(4)); *see also* Fed. R. Civ. P. 16(b)(4). To accomplish this, Scott Steel must establish "good cause." *See Sherman*, 532 F.3d at 716. As for its motion to amend its answer, Scott Steel must also establish that the proposed amendment is proper under Rule 15(a). *See Fed. Trade Comm'n v. Next-Gen, Inc.*, No. 4:18-cv-00128-DGK, 2018 WL 5310416, at *3 (W.D. Mo. Sept. 24, 2018). Rule 15(a)(2) broadly provides that "[t]he court should freely give leave [to amend] when justice so requires."

As for Scott Steel's motion to stay, "the district court ha[s] the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the case[] pending before it." *Contracting Nw, Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983). The proponent of the stay bears the burden of establishing the need for it. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). And where, as here, the proponent seeks to stay a

case pending resolution of another case, it must typically show a "clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

## Discussion

Scott Steel has moved to amend its answer to assert a counterclaim for equitable indemnification, to stay this case until the Yukon Lawsuit concludes, and to modify the scheduling order regarding expert designations. BBNA opposes all three requests. The Court addresses each motion in turn.

### I. Scott Steel is granted leave to amend its answer to assert a counterclaim for equitable indemnification.

Scott Steel contends that it should be allowed to amend its answer to assert a claim for equitable indemnification because it satisfies Rule 16(b)(4) and Rule 15(a)(2). BBNA counters that it fails both standards. The Court holds that Scott Steel has satisfied both standards here.

#### A. Scott Steel has established "good cause" for the amendment, and the amendment will not prejudice BBNA.

Scott Steel argues that it should be granted leave to include a claim for equitable indemnification, because this counterclaim arose from the Yukon Lawsuit that was filed after the amendment deadline here, it diligently pursued the amendment after researching the claim and mediating in good faith, and the amendment would not prejudice BBNA since it revolves around the same facts at the heart of this litigation. Mot. Leave to Amend, ECF No. 33 at 6–9. BBNA counters that Scott Steel was dilatory in seeking leave to amend by waiting five months after hearing of the lawsuit to make this motion, and it argues that it would be prejudiced since the expert deadlines have passed and since it would have to conduct additional discovery. Opp'n to Mot. Leave to Amend and Stay, ECF No. 39 at 6–9.

5

The inquiry of "good cause" under Rule 16(b)(4) primarily focuses upon "the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716. But it may also be proven "by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). Most motions flounder on the diligence inquiry but, for those that survive it, the Court must also consider any prejudice that the nonmovant might suffer from the amendment. *See Sherman*, 532 F.3d at 717.

Scott Steel's motion passes these inquiries. The Yukon Lawsuit could be considered either newly discovered facts or a significant changed circumstance. That lawsuit was not filed until many months after the amendment deadline, and the proposed counterclaim appears to be contingent upon the outcome of that case. While it is true that Scott Steel did not file the motion right after the Yukon Lawsuit was filed, its delay does not seem unreasonable when considered in context. *See Smith v. Truman Rd. Dev., LLC*, No. 4:18-cv-670-NKL, 2019 WL 11646255, at *2 (W.D. Mo. Mar. 26, 2019) ("While Rule 16's 'good cause' standard requires diligence on the part of the movant, the requirement is not so stringent as to require instantaneous amendment."). The parties engaged in mediation in March in hopes of settling this matter and, following the failed mediation, Scott Steel spent time researching the factual and legal viability of its claim. This led Scott Steel to filing the motion a few months after the mediation, but four months before the current fact discovery deadline. The Court finds both diligence and changed circumstances here.

Turning to prejudice, it is true that the expert deadlines have passed and that BBNA may have to conduct further discovery into Scott Steel's new claim. But this poses no true prejudice to BBNA, because the Court is extending expert and discovery deadlines to accommodate this new claim. Not only that, but the new claim is based on the same core facts already at the heart of this

litigation and the parties' previous discovery. Indeed, BBNA concedes as much when it states that Scott Steel raised BBNA's delay in providing materials as an affirmative defense on July 28, 2020. Opp'n to Mot. Amend Scheduling Order, ECF No. 36 at 1. Thus, BBNA has long known about the factual basis of this claim; only the legal hook has been altered from simply an affirmative defense to an affirmative claim by the filing of the Yukon Lawsuit. So BBNA will not be prejudiced by the amendment here. *See Glob. Control Sys., Inc. v. Luebbert*, No. 4:14-cv-657-DGK, 2016 WL 8730159, at *6 (W.D. Mo. Jan. 15, 2016).

The Court thus holds that Scott Steel has satisfied Rule 16(b)(4).

### B. Scott Steel has established that amendment is proper under Rule 15(a)(2).

Scott Steel argues that it also satisfies the requirements under Rule 15(a)(2), because there is no evidence of undue delay, bad faith, or undue prejudice. Mot. Leave to Amend, ECF No. 33 at 4–6. Scott Steel further argues the amendment is not futile. *Id.* at 5. BBNA disagrees on all four fronts, largely repeating the arguments it raised against good cause under Rule 16(b)(4). Opp'n to Mot. Leave to Amend and Stay, ECF No. 39 at 9–13. But it also claims there is additional evidence of bad faith or undue delay, because Scott Steel allegedly stonewalled discovery responses about the Yukon Lawsuit and did not move to amend the pleadings when BBNA moved to change the expert deadlines. *Id.* at 10–11. BBNA further makes a largely factual argument that the amendment is futile. *Id.* at 11–13.

Under Rule 15(a)(2), a motion to amend may be denied only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013). An amended complaint

7

is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *See In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

The Court finds no evidence of undue delay, bad faith, dilatory motive, or undue prejudice. The Court has already explained there was not undue delay or prejudice. And Scott Steel's discovery responses and failure to move for amendment earlier does not rise to the level of bad faith or a dilatory motive. While Scott Steel's objection to BBNA's discovery about the Yukon Lawsuit as "irrelevant" is meritless, Scott Steel states in its reply that it has withdrawn that objection and agreed to produce the responsive documents. To the extent Scott Steel obstructs discovery on these points with baseless objections, this can be dealt with via the Court's discovery dispute mechanism. It is not a reason to deny amendment. Further, although Scott Steel could have moved to amend earlier, the couple month lag does not definitively prove dilatory motive given the significant amount of time left in the discovery period.

Futility is a closer call. BBNA makes a strong *factual* argument that Scott Steel's claim for equitable indemnification seems too conditional and hypothetical to be truly viable. At bottom, Scott Steel's counterclaim seeks to hold BBNA liable *if* SBD is found liable in the Yukon Government case and *if* SBD then later has a viable claim against Scott Steel for contributing to that liability. Ultimately, this claim may not sufficiently state a claim under the governing law, may not be ripe for adjudication, or may not even pass the Article III standing test. But the problem at this stage is that BBNA has not sufficiently demonstrated under Rule 12(b)(6) that the proposed counterclaim should be dismissed. As an initial matter, neither party identifies precisely which state's law applies to this claim: BBNA cites a Missouri law case, while Scott Steel cites a Virginia law case. While Missouri law appears to apply based on what little information is available, the

8

Case 4:20-cv-00438-DGK   Document 42   Filed 11/16/21   Page 8 of 12

only Missouri law case BBNA cites is one in which a motion to dismiss was denied. The Court, thus, cannot definitively say that amendment would be futile.

Although amendment cannot be said to be futile on the current record, BBNA should have the opportunity to test the sufficiency of the pleadings. Even Scott Steel suggests as much. Reply Br. ISO Mot. to Amend Pleadings, ECF No. 40 at 7 ("Much of BBNA's remaining arguments are suited for a motion to dismiss, not a response opposing leave to amend."). If BBNA intends to file a motion to dismiss, it must do so in accordance with the schedule set forth in this order. But for now, Scott Steel has satisfied the standards to be given leave to amend to its answer to assert a counterclaim. It must make the appropriate filing in accordance with the Court's directives in the introduction.

## II. Scott Steel has failed to show that a stay is appropriate.

Scott Steel seeks to stay this entire case through the resolution of the Yukon Lawsuit. Scott Steel argues that it would suffer hardship and inequity by moving forward with its counterclaim without knowing the exact scope of its potential liability from that lawsuit. Mot. to Stay, ECF No. 34 at 3–6. It also contends that judicial economy would be served by allowing that case to proceed through discovery and then using the findings and discovery from that case to narrow the issues here. *Id.* BBNA argues that it would suffer substantial prejudice by having this case stayed and, instead, the cases should proceed in parallel. Opp'n to Mot. Leave to Amend and Stay, ECF No. 39 at 13–15.

The parties agree that where, as here, a court considers a request to stay a case in favor of a parallel and overlapping action, it typically considers the following three factors: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; (3) the judicial resources that would be saved by avoiding duplicative litigation." *U.S. Bank*

*Nat'l Ass'n v. Moses*, No. 4:16-cv-730-CEJ, 2016 WL 7178750, *2 (E.D. Mo. Dec. 9, 2016). Courts may also consider whether a stay would "narrow[] the factual and legal issues in the…proceeding," *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005), as well as "the time reasonably expected for resolution of the 'other case'," *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

These factors weigh against a stay. First, the potential prejudice to BBNA could be substantial, because it could take years for the Yukon Lawsuit to conclude and, even then, the result of the lawsuit may have absolutely no impact on this case. For example, given the seemingly conditional nature of Scott Steel's counterclaim, SBD may not even be found liable in that lawsuit or SBD may be held liable but decide not to impose any derivative liability on Scott Steel. BBNA should not be made to wait potentially years to prosecute its claims.

Second, the Court cannot say that Scott Steel will suffer substantial inequity or hardship by moving forward with this case. As stated above, it is far from certain that Scott Steel would incur any downstream liability from the Yukon Lawsuit. And it is not a party there, so it will not be suffering hardship from fighting a two-front battle. Nor has it shown that it definitively cannot bring its proposed counterclaim in a future action should it eventually be held liable.

Third, a stay would not necessarily conserve judicial resources. While both the cases sprung from the same construction project, the core allegations in the cases are different. Contrary to Scott Steel's characterization, the Yukon Lawsuit's pleadings do not center around the work performed by Scott Steel or BBNA. The parties there seem to be primarily focused on other reasons for the delays and failures in the project. So there is no guarantee that waiting for the conclusion of that lawsuit will narrow the legal or factual issues in this case or materially reduce the discovery that needs to be conducted here. Since the Yukon Lawsuit is still in its relative

10

Case 4:20-cv-00438-DGK   Document 42   Filed 11/16/21   Page 10 of 12

infancy with little to no discovery having taken place, it makes no sense for this case to be stayed potentially for years in deference to a lawsuit that may have no impact here.

For all these reasons, the Court declines to stay this case.

**III.     Scott Steel's motion to amend the scheduling order is denied as moot.**

Scott Steel finally moves to amend the expert designation deadlines in the scheduling order. The operative scheduling order states that: "1. Party with the burden of proof's expert designations shall be filed on or before <u>August 3, 2021</u>"; and "2. Party without the burden of proof's expert designations shall be filed on or before <u>October 5, 2021</u>." ECF No. 30. Scott Steel does not want to change the dates in the current order, but it asks to revert the language to "Plaintiff's expert designations shall be filed on or before August 3, 2021" and "Scott Steel's expert designations shall be filed on or before October 5, 2021." Mot. to Amend Scheduling Order, ECF No. 35 at 3. BBNA complains that Scott Steel has not shown good cause for the change since it waited until just a few days before the first expert deadline to move to amend instead of doing so months ago. Opp'n to Mot. to Amend Scheduling Order, ECF No. 36 at 1.

The Court is disappointed that the parties could not resolve what seems to be an inconsequential and a semantical debate over the scheduling order. But the Court need not wade into this debate between the parties, because it finds that the assertion of the new counterclaim will require discovery to be extended. It will set a new deadline for expert disclosures as well as all the remaining deadlines in this case. In so doing, the Court will impose a <u>single</u> deadline for all expert designations regardless of who has the burden on a claim or defense. All opening expert designations must be filed by this deadline. The Court will also set a rebuttal expert deadline, but that is just for unexpected rebuttal issues that arise from the first phase of expert designations and discovery. The Court has successfully used this type of schedule in many other cases, including

11

ones far more complex than this one. The Court is hopefully that the parties will not have any further need to amend the schedule after entry of the revised schedule. But should a pressing need to amend arise, the parties are strongly advised to work together and present a joint proposal.

## Conclusion

For the foregoing reasons, the Court GRANTS Scott Steel's Second Motion for Leave to Amend its Answer, DENIES Scott Steel's Motion to Stay the Case, and DENIES AS MOOT Scott Steel's Motion to Amend the Scheduling Order. Scott Steel must file its amended answer within two business days of this order. If BBNA chooses to file a motion to dismiss, the following schedule shall apply: (1) BBNA shall file any motion to dismiss on or before December 7, 2021; (2) Scott Steel shall file its opposition on or before December 21, 2021; and (3) BBNA shall file its reply, if any, by January 4, 2022. The Court will issue a revised case schedule via a separate order.

**IT IS SO ORDERED.**

Date:  November 16, 2021               /s/ Greg Kays
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT