IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VARCO PRUDEN BUILDINGS, a division of BLUESCOPE BUILDINGS NORTH AMERICA, INC., <br><br>Plaintiff,<br><br>v.<br><br>SCOTT STEEL ERECTORS INC,<br><br>Defendant. | No. 4:20-CV-00438-DGK |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM

This case involves a dispute over payment for steel building materials used to construct an arena in Northern Canada. The Government of Yukon, Canada ("Yukon Government") hired Scott Design Build ("SDB") as its general contractor to construct an arena in Carmacks, Yukon. SDB in turn contracted with Defendant Scott Steel Erectors Inc. ("Scott Steel") to erect a pre-engineered metal building as part of the arena project. Scott Steel then made a purchase order with Plaintiff Varco Buildings, a division of BlueScope Buildings North America, Inc. ("BBNA"), for the provision of engineering services and materials necessary to construct the metal building. BBNA filed a three-count lawsuit in this Court to recover the amount that Scott Steel still allegedly owes BBNA for the materials and services it provided to Scott Steel. After being granted leave to amend its answer, ECF No. 42, Scott Steel filed a counterclaim against BBNA for equitable indemnification.

Now before the Court is BBNA's motion to dismiss Scott Steel's counterclaim. ECF No. 46. Because Scott Steel's counterclaim fails both the ripeness and standing tests, the motion is GRANTED and the claim is DISMISSED WITHOUT PREJUDICE.

## Procedural History

The Court starts with the procedural history as it lays the foundation for the counterclaim. On June 4, 2020, BBNA filed this three-count breach of contract lawsuit in this Court. Compl., ECF No. 1. Scott Steel answered. Answer, ECF No. 13.

While the case was percolating here, the underlying construction project hit roadblocks that eventually resulted in a separate lawsuit in Canada. On February 12, 2021, in a Yukon provincial court, the Yukon Government filed a lawsuit ("Yukon Lawsuit") against SDB and its insurer Echelon Financial Holdings Inc. ("Echelon") for damages related to the failed construction project, including approximately $10 million in damages from SDB and $7 million from Echelon. Neither Scott Steel nor BBNA are a party to that lawsuit.[1] On April 13, 2021, SDB filed its answer and counterclaim against the Yukon Government. In that document, SDB alleges broadly that a combination of various design issues and changes, brutally cold weather, and COVID-19 restrictions all contributed to delay the project. SDB Counterclaim, ECF No. 39-1. As pertinent here, SDB specifically alleges that Scott Steel is an affiliated company of SDB, that Scott Steel was the subcontractor tasked with constructing the pre-engineered arena building, that BBNA supplied the component parts for the pre-engineered building, that BBNA discovered a flaw in the design provided to it by one of the Yukon Government's design firms, that BBNA worked with the firm to fix the design flaw, and that the design flaw led to a delay in BBNA delivering the materials to the construction site. *Id.* ¶¶ 3-11.

Back here in Missouri, on July 23, 2021, Scott Steel moved to amend its answer to add the instant counterclaim for equitable indemnification and to stay the case pending the Yukon Lawsuit

---

[1] Some allegations in Scott Steel's counterclaim suggests—though do not state—that it is a party in the Yukon Lawsuit and could be found directly liable therein. That is not the case based on the Yukon Lawsuit pleadings attached to counterclaim; Scott Steel is not a party according to those documents.

2

outcome. ECF No. 33, 34. The Court denied the motion to stay, but it granted the motion to amend. Order, ECF No. 42. The Court granted the motion to amend in part because BBNA had failed to show that amendment was futile. But the Court noted that the equitable indemnification claim "may not sufficiently state a claim under the governing law, may not be ripe for adjudication, or may not even pass the Article III standing test." Order at 8. In that same order, the Court allowed BBNA to file a motion to dismiss the counterclaim. *Id.* at 9. That motion is now ripe.

**Factual Background**

The following facts are from Scott Steel's counterclaim as well as the documents embraced by it. Scott Steel is an authorized supplier and erector of pre-engineered buildings, while BBNA is a supplier of steel components for buildings. In October 2018, the Yukon Government contracted with SDB to construct an arena in Carmacks, Yukon. SDB then subcontracted with Scott Steel to build the arena's steel shell, and Scott Steel in turn engaged BBNA to supply the primary and secondary steel components for the shell. BBNA told Scott Steel that the engineering, fabrication, and delivery of the steel components should be completed by early July 2019.

Scott Steel advised BBNA that delivery by July 2019 was critical because it needed to erect the shell before the beginning of the harsh Yukon winter. Despite BBNA's representations that it could meet the deadline, the components did not begin to arrive until October 1–3, 2019. It took another two weeks for all the critical components to arrive and, even then, Scott Steel had to source several steel components that BBNA had failed to provide or mis-fabricated. Scott Steel did not begin building the shell until October 19, 2019.

Due to BBNA's delays and errors, Scott Steel was not able to construct the arena's shell, enclose it, and apply heat before the beginning of winter. Temperatures plunged to -50 degrees Celsius in January 2020, putting all the worksite equipment out of commission and halting all work

on the project until the weather improved. But work did not resume until August 2020 due in part to the COVID-19 pandemic. In August 2020, the Yukon Government issued a notice of default to SDB and then, in December 2020, the Yukon Government terminated its contract with SDB.

In the count pleading section, Scott Steel clearly defines the nature of its claim. In relevant part, Scott Steel alleges:

> 20. As set forth above, SDB and Scott Steel deny that the Government of Yukon is entitled to the relief it seeks in its action filed with the Supreme Court of Yukon (SC No. 20- A0129). However, *if it is ultimately determined* that the Government of Yukon is entitled to damages against SDB, Echelon Financial Holdings Inc., and/or Scott Steel, any award of damages entered in favor of the Government of Yukon constitutes a payment obligation due by BBNA to the Government of Yukon.
> 21. An award of damages entered against and paid by SDB, Echelon Financial Holdings Inc., and/or Scott Steel constitutes a discharge of that payment obligation of BBNA to the Government of Yukon.
> 22. BBNA *would be unjustly enriched if* SDB, Echelon Financial Holdings Inc, and/or Scott Steel discharged a payment obligation of BBNA to the Government of Yukon.
> 23. BBNA has improperly denied and is refusing its responsibility to indemnify Scott Steel for any amounts that *may be required to be paid* by Scott Steel.
> 24. Because BBNA is refusing to hold harmless and indemnify Scott Steel for any judgment that *may be ultimately entered* in Scott Steel's favor in this case, Scott Steel has had to incur attorneys' fees and costs in defending against the Government of Yukon's claims and in bringing this action for indemnity.

First Amended Counterclaim ¶¶ 20-24, ECF No. 43 (emphasis added). Its prayer for relief makes clear that Scott Steel is entitled to relief "*in the event that* an award or judgment in favor of the Government is Yukon is entered against Scott Design Build Inc., or *if* Scott Design Build Inc., Echelon Financial Holdings, Inc., and/or Scott Steel Erectors Inc. *is otherwise required to pay* moneys to the Government of Yukon." *Id.* (emphasis added).

## Standard

BBNA seeks dismissal in part under Federal Rule of Civil Procedure 12(b)(1). Motions asserted pursuant to Rule 12(b)(1) challenge the Court's power to hear the claims before it.

4

*Giandinoto v. Chemir Analytical Servs., Inc.,* 545 F. Supp. 2d 952, 956 (E.D. Mo. 2007). If the Court finds that jurisdiction is not present, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). Where, as here, the Court's jurisdiction is challenged based upon the face of the pleadings, the standard for determining the 12(b)(1) motion is the same as the standard for Rule 12(b)(6) motions. *Giandinoto,* 545 F. Supp. 2d at 956. Under Rule 12(b)(6), the Court assumes that the factual allegations in the amended counterclaim complaint are true and construes them in the light most favorable to Scott Steel. *Data Mfg. Inc. v. UPS, Inc.,* 557 F.3d 849, 851 (8th Cir. 2009).

In ruling upon the current motion, the Court is not limited to the four corners of the amended counterclaim complaint. *See Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011). The Court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks,* 614 F.3d 495, 498 (8th Cir. 2010) (internal quotation marks omitted). This allows the Court to consider the filings from the Yukon Lawsuit that are embraced by, and attached to, the amended counterclaim complaint. *See id.*

## Discussion

Scott Steel brings an equitable indemnification claim under Missouri law[2] against BBNA. This claim—which is also referred to as implied or implied-in-law indemnity—requires Scott Steel to plausibly plead: "(1) the discharge of an obligation by the plaintiff; (2) the obligation discharged by the plaintiff is identical to an obligation owed by the defendant; (3) the discharge of the obligation by the plaintiff is under such circumstances that the obligation should have been discharged by the defendant; and [4] defendant will be unjustly enriched if the defendant does not

---

[2] BBNA argues that based on its purchase agreement with Scott Steel, Missouri law applies to Scott Steel's counterclaim. Mot. at 5, ECF No. 46. Scott Steel does not oppose this argument, so the Court applies Missouri law.

5

reimburse the plaintiff to the extent that the defendant's liability has been discharged." *Beeler v. Martin*, 306 S.W.3d 108, 111 (Mo. Ct. App. 2010) (internal quotation marks omitted).

BBNA moves to dismiss the equitable indemnification claim on three grounds: (1) the claim is not ripe; (2) Scott Steel lacks Article III standing to bring the claim; and (3) the amended counterclaim complaint fails to state claim. Because the first two grounds are dispositive, the Court does not address the third ground.

### I. Scott Steel's counterclaim is not ripe.

BBNA argues that Scott Steel's claim is not ripe because it has failed to allege that an injury is direct and immediate. According to BBNA, the only injury that *might* occur is contingent upon an adverse judgment or settlement against SDB or Echelon in the Yukon Lawsuit and further contingent upon SDB or Echelon then holding Scott Steel liable for that judgment or settlement. Mot. at 1–2, 5–7. Scott Steel argues that it meets the standard for ripeness because the equitable indemnification claim is fit for judicial review and it has already been injured by incurring legal fees "defending" against the Yukon Lawsuit and bringing this claim. Opp'n at 2–6, ECF No. 47.

The ripeness doctrine derives from "both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration." *United States v. Gates*, 915 F.3d 561, 563 (8th Cir. 2019) (internal quotation marks omitted). The central focus of this inquiry is "whether the harm asserted has matured enough to warrant judicial intervention." *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (internal quotation marks omitted). To make this determination, the Court must analyze: (1) "the fitness of the issues for judicial decision"; and (2) "the hardship to the parties of withholding court consideration." *See id.* (internal quotation marks omitted). The "fitness prong safeguards against judicial review of hypothetical or speculative disagreements," while the "hardship prong asks whether delayed review inflicts

6

significant practical harm on" Scott Steel.  *Id.* at 875 (internal quotation marks omitted).  Each prong must be "satisf[ied] to at least a minimal degree."  *Public Water Supply Dist. No. 10 of Cass Cnty. Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003) (internal quotation marks omitted).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998).

The Court holds that Scott Steel's equitable indemnification claim fails both ripeness prongs.  As for the first prong, the decision is not fit for judicial review.  The crux of Scott Steel's equitable indemnification claim is that BBNA should be liable for any future money that Scott Steel must pay because of an adverse judgment or settlement against SDB or Echelon in the Yukon Lawsuit.  But for that to come to fruition, contingency upon contingency would have to occur, for example: (1) SDB or Echelon would have to be found liable to the Yukon Government in the Yukon Lawsuit; (2) Scott Steel would have to be responsible for SDB or Echelon's liability; (3) SDB or Echelon would then have to seek to hold Scott Steel responsible for its liability to the Yukon Government; and (4) BBNA would have to be responsible for Scott Steel's liability.

These events, however, "may not occur as anticipated, or indeed may not occur at all."  *Texas*, 523 U.S. at 300.  The chain of events could be broken by any number of things, including SDB and/or Echelon prevailing in the Yukon Lawsuit, SDB and/or Echelon losing in the Yukon Lawsuit but choosing not to hold Scott Steel responsible, or SDB and/or Echelon losing for something unrelated to Scott Steel's delay in construction.  This illustrates that Scott Steel's equitable indemnification claim is precisely the type of "hypothetical or speculative disagreement[]" that is not fit for review because it requires more factual development.  *See Parrish*, 761 F.3d at 875; *Public Water Supply*, 345 F.3d at 573; *see also Hartford Accident &*

*Indem. Co. v. Doe Run Res. Corp.*, 663 F. Supp. 2d 771, 775–76 (E.D. Mo. 2009) ("The potential injury to Hartford can come only after Zurich prevails against Doe Run in separate litigation concerning the *BNSF* settlement, and then Doe Run makes a claim against Hartford under its policies. Neither of these possibilities has happened yet, and it is not clear that either will ever happen.").

On the hardship prong, the alleged injury is too abstract and Scott Steel has future remedies if that injury arises. Although Scott Steel makes a conclusory allegation that it has expended attorneys' fees "defending" the Yukon Lawsuit and bringing this claim, these alleged injuries do not make the claim ripe. Scott Steel's conclusory allegation about "defending" the Yukon Lawsuit is contradicted directly by the pleadings it has attached from that case. Based on those pleadings, Scott Steel *is not* a defendant there. It seems, then, that any such fees from "defending" that action are entirely of Scott Steel's own making (e.g., it is performing legal work in anticipation of a lawsuit that may not arise) or fees that are at least not clearly attributable to BBNA (e.g., it is responding to third-party discovery). Either way, the conclusory allegation of fees from "defending" the Yukon Lawsuit and pursuing this counterclaim are not cognizable injuries for ripeness purposes. *See In re SuperValu, Inc.*, 870 F.3d 763, 771 (8th Cir. 2017) ("Because plaintiffs have not alleged a substantial risk of future identity theft, the time they spent protecting themselves against this speculative future threat cannot create an injury."); *Kennedy v. Ferguson*, 679 F.3d 998, 1002 (8th Cir. 2012) ("[W]e find no cognizable injury in the litigation-related costs Kennedy elected to incur to pursue legal remedies."). And it is clear from Scott Steel's pleadings that the main injury that it seeks to recover for—moneys it *might* have pay to SDB or Echelon for any *future* adverse judgment or settlement that *might* arise from the Yukon Lawsuit—has not happened. Should that injury accrue in the indeterminate future, Scott Steel would still be able to

pursue the claim. So it is not suffering any hardship from the Court not reviewing the claim now. *See Duffner v. City of St. Peters, Mo*, 930 F.3d 973, 977 (8th Cir. 2019).

Because the equitable indemnification claim fails both ripeness prongs, Scott Steel's claim is not ripe and must be dismissed for lack of subject matter jurisdiction.

### II. Scott Steel lacks standing to bring this claim.

Even if the claim were ripe, the Court would dismiss the equitable indemnification claim for lack of standing. Like ripeness, standing is a "requirement for Article III subject matter jurisdiction." *Kennedy*, 679 F.3d at 1001. To establish the "irreducible constitutional minimum of standing," Scott Steel must show that it has: "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged action of [BBNA], and (3) is likely to be redressed by a favorable judicial decision." *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 637 (8th Cir. 2021). The injury-in-fact must be "*concrete and particularized and actual or imminent, not conjectural and hypothetical*." *Id.* (emphasis in original) (internal quotation marks omitted).

As explained above, however, the injury-in-fact here is speculative, conjectural, and hypothetical. The main injury-in-fact would be if Scott Steel is forced to pay moneys in some future proceeding for a judgment or settlement awarded in the Yukon Lawsuit against SDB or Echelon. That injury relies on an extremely attenuated chain of events that may never occur and, even if they do, only in the indeterminate future. This is precisely the type of abstract and speculative injury that is insufficient to confer standing. *In re SuperValu, Inc.*, 870 F.3d at 771; *see also Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 896 (8th Cir. 2020) ("Speculative future harm does not establish a real and immediate threat of injury and is insufficient to confer standing."). And as noted above, the complained of legal fees that have been incurred protecting

against this speculative injury do not confer standing. *In re SuperValu, Inc.*, 870 F.3d at 771; *Kennedy*, 679 F.3d at 1002.

Because Scott Steel has failed to allege a constitutionally sufficient injury-in-fact, the Court lacks subject matter jurisdiction over the equitable indemnification claim.

## Conclusion

For the foregoing reasons, the Court GRANTS BBNA's motion to dismiss. Scott Steel's counterclaim for equitable indemnification is DISSMISSED WITHOUT PRJEUDICE for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: <u>April 19, 2022</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT